UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INDEPENDENT MARKETING GROUP, INC., a
Florida corporation,

            Plaintiff,

vs.                                           Case No.  3:11-cv-447-J-25MCR

JERRY KEEN, an individual; BRIAN J. KEEN,
an individual and  WILLIAM MEGNA, an
individual,

            Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Compel Production of Documents (Doc. 38) filed December 23, 2011.

**I.    BACKGROUND**

On May 5, 2011, Plaintiff Independent Marketing Group, Inc. filed the instant action alleging six counts against Defendant Brian Keen for breach of fiduciary duties, tortious interference with business relationships, fraud, breach of contract, conversion, and replevin, and two counts against Defendant Jerry Keen for breach of fiduciary duty and fraud. (Doc. 2).  The Complaint also brings one count against Defendant William Megna for legal malpractice.  (Id.).

On September 6, 2011, Defendants served their First Request for Production of Documents on Plaintiff, seeking an array of Electronically Stored Information ("ESI").  In

response, Plaintiff produced a limited number of documents compiled into one PDF file that lacked any metadata or any searchable text.

On October 14, 2011, Defendants sent a letter requesting that Plaintiff make a reasonably diligent search for relevant, responsive documents and supplement its response within 10 days.[1]  See (Doc. 38-H).  On October 27, 2011, Plaintiff sent Defendants a computer disk containing four poor quality PDF files, each consisting of hundreds of pages.  Again, these files lacked any metadata or any searchable text.  See (Doc. 38-I).  Defendants contacted Plaintiff expressing issues with the format of its production.  See (Doc. 38-K, L).

On November 28, 20011, Plaintiff responded and stated that the third-party vendor it selected to produce and process the documents was "unable to produce the documents" and thus, it is using another vendor which should have "a very quick turnaround time."  See (Doc. 38-M).  Then, on December 1, 2011, Plaintiff stated that it was now refusing to produce documents in a different format because the estimated costs of $10,000 to do so is "a prohibitive cost that [Plaintiff] [is] not willing to incur for the production of the documents [Defendants] requested."  See (Doc. 38-B).

On December 2, 2011, the parties spoke regarding production and Plaintiff offered to provide Defendants with computer disks that were provided by the original vendor who was unable to produce the documents.  Defendants agreed to review the discs to determine if they were sufficient.  On December 20, 2011, Defendants received

---

[1] Defendants did not ask Plaintiff to search the entire server; rather, Defendants asked Plaintiff to perform "targeted searches, using specific key terms focusing on appropriate document custodians."  See (Doc. 38-H).

and reviewed the disks.  Upon review, Defendants determined that the disks contained unusable files, many of which did not contain any information at all or could not be opened.[2]

Defendants attempted to contact Plaintiff regarding the production deficiencies, but did not receive a response.  See (Doc. 38-N, O).  Thus, on December 23, 2011, Defendants filed the instant Motion to Compel Production of Documents requesting the Court compel Plaintiff to produce the ESI in a reasonably usable format.  (Doc. 38).  On January 6, 2012, Plaintiff filed its response in opposition to Defendants' Motion claiming that the production requested would be exceedingly burdensome.  (Doc. 40).  Accordingly, this matter is now ripe for judicial review.

## II.   ANALYSIS

Federal Rule of Civil Procedure 37(a)(2)(B) provides that when a party fails to permit inspection of documents as required under Federal Rule of Civil Procedure 34, the discovering party may move for an order compelling inspection in accordance with the request.  Federal Rule of Civil Procedure 34 requires that when a request does not specify a form to produce ESI,[3] it must be produced in a "form or forms in which it is ordinarily maintained or in a reasonably usable form or forms."  Fed. R. Civ. P. 34(b)(2)(E)(ii).

---

[2]According to Defendants, many of the files on the disks are either "system files", "temp files" or require some specialized proprietary software.  System files are only usable on the computer system in which they originate, and temp files are files typically created any time anyone attempts to view or access a document on a computer server.  However, the "temp files" could not be opened.

[3]Here, the parties did not stipulate to a form of production.

Here, while Plaintiff's responsive documents are kept on its server, it produced large PDF files lacking metadata and searchable text. As it appears that the documents were printed off the server and then scanned back into a digital format as PDF files, these documents were not produced as ordinarily kept.[4]  See <u>Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.</u>, 259 F.R.D. 568, 585-586 (M.D. Fla. 2009) (documents kept on a computer and gathered electronically by creating files without metadata "for the sole purpose of producing them" is not "ESI as kept in the usual course of business"). Similarly, Plaintiff failed to produce the ESI in a reasonably usable form or forms.[5]  <u>Id.</u> (finding that ESI was not produced in a reasonably usable form when the form that it was produced in "eliminated the search capabilities that would have been available if [it] had [been] produced ESI in native format").

Plaintiff argues that it is not required to produce the ESI in the format Defendants suggest because of undue burden and cost. (Doc. 40). The Federal Rules maintain a presumption that parties are required to satisfy their own costs in responding to discovery requests. <u>Oppenheimer Fund. Inc. v. Sanders</u>, 437 U.S. 340 (1978). Exceptions allowing for electronic discovery costs to be shifted only apply where the

---

[4]Indeed, the documents appear to have been printed from their native version on August 26, 2011 (as indicated in the lower right hand corner of each email page) and then scanned back into a digital format as new PDF files. See (Doc. 38-I).

[5]The Advisory Notes to Fed. R. Civ. P. 34(b) state that "the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation. If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."

responding party identifies the source of the requested documents "as not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B); U & I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 674 (M.D. Fla. 2008).

Here, Plaintiff has never contended that the information Defendants seek is not accessible. "Inaccessible" data is generally stored on backup tapes and erased, as well as fragmented or damaged data, all of which require significant manipulation and reconstruction to become usable for responding to discovery requests. Id. To the contrary, Plaintiff identified its own computer server as the location for responsive documents in its Initial Disclosures. See (Doc. 38-A). Thus, it cannot contend that the information contained on those servers is inaccessible. Additionally, Defendants have stipulated that they are only requesting "reasonably accessible information," and they are not requesting any deleted items. See (Doc. 38-H).

Even assuming *arguendo* that Plaintiff has demonstrated that the cost of producing the documents in the format requested is due to inaccessibility, "the [C]ourt may nevertheless order discovery from such sources if the requesting party shows good cause." U & I Corp., 251 F.R.D. at 674. In deciding whether to compel a party to produce documents in the appropriate format, various factors should be considered, including (i) whether the burden or expense of the proposed discovery outweighs the likely benefit; (ii) the needs of the case, the amount in controversy, the parties' resources; (iii) the importance of the issues at stake in the litigation; and (iv) the importance of the proposed discovery in resolving the issues. Id.

First, the Court finds that the burden and expense Plaintiff will incur is outweighed by the benefit Defendants will receive in their ability to review documents that may be relevant to their defenses. Indeed, it was Plaintiff that identified its computer server as the location of responsive documents. See (Doc. 38-A). Second, this case is claimed to be worth many hundreds of thousands of dollars, in addition to potential punitive damages and attorneys' fees. Plaintiff is a corporation, likely with substantial resources, while this lawsuit was brought against three individual Defendants. Finally, Plaintiff's refusal to produce documents in an appropriate and usable format creates a significant disadvantage and prohibits Defendants from potentially discovering information that may be relevant to their defenses. Therefore, Plaintiff is directed to search its system for all responsive files using the relevant search terms and produce the results to Defendants in a usable format as the documents are kept and used in the normal course of business.

Defendants seek an award of attorneys' fees in making this motion. (Doc. 38, pp. 15-16). The court "has wide latitude in imposing sanctions for failure to comply with discovery." Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994). Where the producing party's actions necessitate the motion to compel, or where the objections and failure to respond are not substantially justified, an award of sanctions is appropriate. Starcher v. Corr. Med. Sys., Inc., 144 F.3d 418, 421-22 (6th Cir. 1998). Further, a party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that his position is substantially justified. Rickels v. City of South Bend, 33 F.3d 785, 787 (7th Cir. 1994). A "motion is substantially justified if it raises an issue

about which there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Doe v. Lexington-Fayette Urban County Gov't, 407 F.3d 755, 766 (6th Cir. 2005) (citing Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988)). Here, the Court does not consider an award of sanctions to be appropriate at this time as Plaintiff's position raises a genuine dispute and reasonable people could differ as to the appropriateness of Plaintiff's actions. However, Plaintiff is cautioned that future discovery violations as well as the failure to comply with this Order may result in sanctions. See Fed. R. Civ. P. 37.

## III.  CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

Defendants' Motion to Compel Production of Documents (Doc. 38) is **GRANTED in part and DENIED in part** as provided in the body of this Order. Plaintiff shall produce all documents in its possession, custody, or control that are responsive to Defendants' First Request for Production of Documents in a reasonably usable format for the production of ESI no later than **Tuesday, February 14, 2012.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  24th  day of January, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

```
```

Copies to:

Counsel of Record

Copies to:

Counsel of Record