UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INDEPENDENT MARKETING GROUP, INC., a
Florida corporation,

           Plaintiff,

vs.                                    Case No.  3:11-cv-447-J-25MCR

JERRY KEEN, an individual; BRIAN J. KEEN,
an individual and  WILLIAM MEGNA, an
individual,

           Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on Non-Parties Sheldon Bryan and Nancy Petway Falloon's Motion to Quash Subpoena (Doc. 39) and Non-Party American Enterprise Bank of Florida's Motion for Protective Order (Doc. 49) filed January 5, 2012 and February 8, 2012, respectively.

**I.    BACKGROUND**

On May 5, 2011, Plaintiff Independent Marketing Group, Inc. ("IMG") filed the instant action alleging six counts against Defendant Brian Keen for breach of fiduciary duties, tortious interference with business relationships, fraud, breach of contract, conversion, and replevin, and two counts against Defendant Jerry Keen for breach of fiduciary duty and fraud.  (Doc. 2).  The Complaint also brings one count against Defendant William Megna for legal malpractice.  (Id.).

This lawsuit involves a business opportunity that Plaintiff contends was taken by Defendants. Plaintiff's theory, particularly as to the damages it contends it is owed, is related to a particular line of credit IMG had access to through American Enterprise Bank of Florida (the "Bank"). (Doc. 2, ¶ 30). This line of credit was guaranteed by IMG, and personally guaranteed by Sheldon Bryan ("Bryan"), IMG's CEO, and Nancy Petway Falloon ("Falloon"), an IMG shareholder. (Doc. 39, ¶ 3).

As such, on December 22, 2011, Defendants served a Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action ("Subpoena") on the Bank, requesting, among other things, documents related to the line of credit. (Doc. 39-A). In response, Bryan and Falloon filed the instant Motion to Quash Subpoena pursuant to Federal Rule of Civil Procedure 45(c)(3)(B)(i), asserting a single objection: that, even though they personally guaranteed the line of credit that IMG contends has caused significant harm, Defendants are not entitled to documents related to the loan to the extent they divulge Bryan and Falloon's "personal and/or confidential information."[1] (Doc. 39, ¶ 4).

After the instant Motion to Quash Subpoena was filed, counsel for the Bank agreed to produce the documents to the extent they did not divulge the personal and/or confidential information of Falloon and Bryan. Documents that Falloon, Bryan, and the Bank believed to be confidential were to be withheld and identified by a privilege log. On January 24, 2012, Defendants received several documents related to the loan,

---

[1] Notably, while appearing to file this Motion on behalf of Falloon and Bryan, Fallon and Bryan's "individual" counsel signed the Motion to Quash as "Attorneys for Plaintiff." (Doc. 39, p. 2).

along with the "Privilege Log." (Doc. 48-B). The "Privilege Log," however, did not identify the documents being withheld so as to allow Defendants to ascertain their contents and assess the assertion of privilege. See (Id.).

Given the inadequacy of the initial "Privilege Log," a more detailed Privilege Log was provided. (Doc. 48-C). However, Defendants contend that the "privileged" documents contain information that is not only responsive to the Subpoena, but necessary for Defendants to defend their claims. Thus, on February 6, 2012, Defendants filed their response in opposition to the instant Motion to Quash. (Doc. 48).

On February 8, 2012, the Bank filed a Motion for Protective Order requesting the Court "enter an order describing which documents or categories of documents are to be produced or, in the alternative, requiring Defendants to amend the subpoena to more specifically describe which documents or categories of documents it wishes [the Bank] to provide." (Doc. 49, p. 2). That same day, the Court entered an order directing the parties to confer and discuss the treatment of potentially confidential information. (Doc. 50). However, the parties were unable to reach a resolution. (Doc. 55). Accordingly, this matter is ripe for judicial review.

## II.   ANALYSIS

### A.   Bryan and Falloon's Motion to Quash Subpoena

As an initial matter, the Court notes that "[a] non-party moving to quash a subpoena is in the same position as a party moving for a protective order." Jeter v. Asheville Maint. & Constr., Inc., 2006 U.S. Dist. LEXIS 75210, *4 (W.D.N.C. Oct. 13, 2006). As a result, where, as here, a nonparty objects to the subpoena pursuant to

Rule 45(c)(3)(B)(i), the movant has "the initial burden of showing that the information sought is confidential and that the disclosure of that information might be harmful." Coty Inc. v. C Lenu, Inc., 2010 U.S. Dist. LEXIS 138360, *8 (S.D. Fla. Dec. 22, 2010).  As the party opposing the Rule 45 subpoena, Bryan and Fallon "[have] a heavy burden of proof."  In re Duque, 154 B.R. 93, 95 (S.D. Fla. Bankr., 1993) (citing Kostelecky v. NL Acme Tool/N1 Industries, 837 F.2d 828, 833 (8th Cir. 1988).

      Here, Bryan and Falloon have failed to provide any explanation as to how the disclosure of the documents requested is confidential and will be harmful.  Instead, they set forth a single conclusory objection, stating only that they "are concerned that the subpoena ... requires the Bank to produce documentation in the loan files which could include their personal and/or commercial financial information" and that "[c]learly, [Falloon and Bryan] are entitled to protection of their personal and commercial financial information."  (Doc. 39, pp. 1-2).  While they are correct that IMG is the Plaintiff in the lawsuit, IMG, as a corporation acts through individuals, and it (through Bryan) has put at issue the line of credit that was personally guaranteed by Bryan and Falloon.  Thus, Falloon and Bryan have failed to satisfy their burden.

      Even assuming *arguendo,* that Bryan and Falloon made the initial showing that the requested information is confidential and harmful if disclosed, the Court can still require disclosure if the requesting party can show that "the discovery sought is both relevant to the pending action and necessary."  Coty Inc. v. C Lenu, Inc., 2010 U.S. Dist. LEXIS 138360, at *13.  To do so, the Court "must weigh factors such as relevance, the need of the party for the documents, the breadth of the document request, and the

time period covered by the request against the burden imposed on the person ordered to produce the desired information." Id.

Here, the Court finds the information responsive to the Subpoena is relevant and likely to lead to the discovery of admissible evidence. Indeed, Plaintiff contends that the line of credit entered into between Plaintiff and the Bank (and personally guaranteed by both Falloon and Bryan) was used to fund the salaries and expenses of Defendants Jerry Keen and Brian Keen while they were employed with IMG. (Doc. 2, ¶¶ 18, 24, 28, 30). Plaintiff further asserts that Defendants Jerry Keen and Brian Keen were "conspiring to steal" the business opportunity, and that Defendants "continued with this conspiracy knowing that the development of this business and these relationships was continuing to be funded by IMG with the line of credit requiring substantial interest payments to [the Bank]." (Id. at ¶ 30). Thus, Plaintiff essentially contends that some of its damages are directly related to this line of credit. (Id.).

Additionally, the Court finds Defendants' need for the documents is substantial, and the burden imposed on Bryan and Falloon is minimal. The information being withheld could show, among other things, what the line of credit was actually intended for, how it was used, the requirements the Bank insisted on in providing the line of credit, and whether the line of credit is still being drawn upon.[2] Consequently, the Court finds that the documents being withheld are relevant and necessary for Defendants to

---

[2] Significantly, Falloon and Bryan admit that many of the documents identified in the Privilege Log contain information directly related to either IMG or IMG Commercial Lines and the line of credit. See (Doc. 48-C, ¶¶ 3, 9, 11, 12, 14, 15, 16, 18, 32, 40, 45, 50, 52, 53.).

defend the claims brought against them, and Bryan and Falloon have failed to explain how the disclosure of the documents would be harmful.

### B. The Bank's Motion for Protective Order

The court may enter a protective order upon motion of a party "for good cause shown." Fed. R. Civ. P. 26(c). Upon a finding of good cause, the Court may make any order "which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense ..." Id. Moreover, the Court may agree to enter a protective order when it is necessary to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection. DYC Fishing, Ltd. v. Beaver St. Fisheries, Inc., 2007 U.S. Dist. LEXIS 41139, 2007 WL 1655389, *2 (M.D. Fla. May 18, 2007) (citing McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989)). The movant's burden of demonstrating good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Schneider v. Hertz Corp., 2007 WL 1231834, *2 (M.D. Fla. 2007),

Here, the Bank presents no allegations or proffer of facts or circumstances demonstrating cause for protective measures. The absence of such a showing of good cause fails to establish the predicate required for the requested relief.

Moreover, Federal Rule of Civil Procedure 45(d)(2) provides that a person withholding subpoenaed information under a claim that it is privileged or subject to protection must:

(i) expressly make the claim; and

    (ii)    describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Again, no such showing has been made here.[3]

## III. CONCLUSION

Accordingly, after due consideration, it is

**ORDERED:**

1.    Non-Parties Sheldon Bryan and Nancy Petway Falloon's Motion to Quash Subpoena (Doc. 39) is **DENIED.**

2.    Non-Party American Enterprise Bank of Florida's Motion for Protective Order (Doc. 49) is **DENIED.**

3.    The Bank is directed to produce all documents responsive to the Subpoena no later than **Wednesday, February 29, 2012.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  16th  day of February, 2012.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Indeed, in this Court's February 8, 2012 Order, the Court stated that "the proper showing has not been made for the Court to enter a protective order." The Court allowed the parties the opportunity to discuss the option of a confidentiality agreement; however, an agreement was not reached. See (Docs. 50. 55). It appears counsel for the Bank was unable to participate in those discussions. See (Doc. 55, n. 1).

Copies to:

Counsel of Record

J. Thomas McKeel, P.A.
303 Centre Street, Suite 103
Fernandina Beach, FL 32034