UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

INDEPENDENT MARKETING GROUP, INC., a
Florida corporation,

     Plaintiff,

vs.                                               Case No. 3:11-cv-447-J-25MCR

JERRY KEEN, an individual; BRIAN J. KEEN,
an individual and WILLIAM MEGNA, an
individual,

     Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Allow Limited Discovery on Ongoing Damages (Doc. 96) filed September 14, 2012. Defendants filed a response in opposition to this Motion on September 20, 2012. Accordingly, the matter is now ripe for judicial review.

Plaintiff is seeking to reopen discovery in order to serve three subpoenas for records and to serve its fourth request for production on Defendants, Jerry and Brian Keen. According to Plaintiff, it compensated Defendants for their assistance in creating the Multiple Employer Welfare Association (the "MEWA") for the Home Builders Association of Georgia. After doing so, Defendants started their own company, Health Cooperative Strategies ("HCS"), and took the MEWA business from Plaintiff. Plaintiff claims it is entitled to damages arising from this conduct. Part of Plaintiff's damages consist of the monies earned by HCS from the MEWA business. Plaintiff contends

-1-

these damages are continuing and it has no information regarding any recent income earned by HCS as discovery closed in May 2012 and the trial is scheduled for November 2012.  Accordingly, Plaintiff asks to be permitted to serve subpoenas on HCS, the Home Builders Association of Georgia, and QualCare, Inc. seeking information regarding the profits/losses and income generated by the MEWA from January 2012 to the present.  Additionally, Plaintiff seeks to serve Defendants with a fourth Request for Production in which it seeks information regarding profits/losses and income generated by the MEWA.  Additionally, Plaintiff seeks tax documents from HCS.

Defendants respond that Plaintiff should not be permitted to serve the discovery at this late date.  Defendants point out that Plaintiff has already served subpoenas on the three entities it wishes to serve now and has served numerous discovery requests on Defendants.  Additionally, Defendants note that Plaintiff has been aware of its alleged damages since filing its Complaint and therefore, cannot now argue any new circumstances warranting discovery at this time.

As an initial matter, the Court notes that Plaintiff's Motion fails to comply with Local Rule 3.01.  Plaintiff has failed to include a memorandum of law citing any legal authority for the relief requested.  With respect to the request for information from Defendants and HSC, the Court will direct Defendants to provide updated information regarding their profits/losses and income generated by the MEWA.  In ordering Defendants to do so, the Court is assuming Plaintiff already requested this information in prior discovery requests.  The Court believes updated information regarding the profits/losses and income generated by the MEWA is relevant to Plaintiff's claims for

damages and despite Defendants' arguments to the contrary, it would not be prejudicial for them to produce as they are under an obligation to supplement their discovery requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.  To the extent Plaintiff seeks information from Defendants which it did not request prior to the close of discovery, the Court will deny Plaintiff's request to propound additional discovery. Plaintiff has failed to offer any justifiable reason as to its failure to seek discovery regarding damages prior to the close of discovery.

As for the subpoenas to third-parties, the Court believes Plaintiff will be able to obtain the information it seeks from Defendants and therefore, will deny Plaintiff's request to serve the subpoenas after the close of discovery.

Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Allow Limited Discovery on Ongoing Damages (Doc. 96) is **GRANTED in part and DENIED in part** as provided in the body of this Order.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __24th__ day of September, 2012.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record